UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00027-FWS-JDE                           Date: January 9, 2023
Title: Rickey M. Gilliam et al. v. HSBC Bank USA National Association et al.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER REMANDING ACTION FOR LACK OF JURISDICTION AND DENYING AS MOOT REQUEST FOR TEMPORARY RESTRAINING ORDER [1]**

Before the court is Plaintiffs Rickey M. Gilliam and Barbara Gilliam's ("Plaintiffs") Notice of Removal and Request for a Temporary Restraining Order ("TRO"). (Dkt. 1.) Plaintiffs have removed this action from Orange County Superior Court, case number 30-2020-01174293-CU-OR-CJC. (*Id.*) Plaintiffs seek a Temporary Restraining Order regarding a Writ of Execution and Notice to Vacate a property located at 7924 Alhambra Drive, Huntington Beach, California 92647 (the "Property"). (*Id.*) Based on the state of the record, as applied to the applicable law, the court **REMANDS** the action and **DENIES AS MOOT** Plaintiffs' Request for TRO.

I. **Legal Standard**

   a. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove the action to federal court only when the matter could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00027-FWS-JDE                                         Date: January 9, 2023
Title: Rickey M. Gilliam et al. v. HSBC Bank USA National Association et al.

when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). To establish diversity jurisdiction, a plaintiff must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n unincorporated association such as a partnership has the citizenships of all of its members." *Id.* (citation omitted); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding a limited partnership is a citizen of every state of which its general and limited partners are citizens). Limited liability companies

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00027-FWS-JDE | Date: January 9, 2023 |

Title: Rickey M. Gilliam et al. v. HSBC Bank USA National Association et al.

"resemble both partnerships and corporations" but, "like a partnership, an LLC is a citizen of every state which its owners/members are citizens." *Johnson*, 437 F.3d 894, 899. In determining the citizenship(s) of an unincorporated association, the court must consider the citizenships of *all* its members. *Carden*, 494 U.S. at 195-96. However, a corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

   b. **Temporary Restraining Order**

The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). A plaintiff seeking a preliminary injunction must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). "The first factor under *Winter* is the most important," to the extent the court need not consider the remaining three elements where a plaintiff fails to show a likelihood of success on the merits. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citations omitted). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). Under that formulation, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* (alterations and internal quotation marks omitted) (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00027-FWS-JDE                                    Date: January 9, 2023
Title: Rickey M. Gilliam et al. v. HSBC Bank USA National Association et al.

## II.   Discussion

In this case, Plaintiffs seek an order "halting the removal of the Plaintiffs from their land" and against the "arbitrary exercise of enforcement authority by the Orange County Sheriffs." (Dkt. 1 at 1.)  Plaintiffs argue their pending eviction is unconstitutional and the case thus presents a "federal question."  (*Id*. at 3.)  In sum, Plaintiffs seek to stop their pending eviction.  (*Id*.)  The court reviews the basis for subject matter jurisdiction in this case below.

First, the court finds that no question of federal law exists in this case.  (*See generally* Dkt. 1.)  Although Plaintiffs argue that the Orange County Sheriff's Office is attempting to evict them from their property in violation of their constitutional rights, (*id*. at 1), Plaintiffs do not adequately allege a violation of any constitutional right.  To the contrary, the court finds that Plaintiffs' limited factual allegations, which relate to an unlawful detainer action in Orange County Superior Court, are insufficient to state a claim under federal law.  *See, e.g.*, *Nunn v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 331173, at *2 (N.D. Cal. Jan. 25, 2019) (noting bank was "not a state actor and its conduct in connection with the unlawful detainer at issue here was not taken 'under color of law,' as is required to state a claim for a violation of procedural due process rights guaranteed by the Fourteenth Amendment") (quoting *Wells Fargo Bank, NA v. Hunt*, 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011)).  Accordingly, the court finds this case does not present a federal question.

Second, the court finds that although Plaintiffs name several parties as defendants in this action, Plaintiffs do not sufficiently indicate the citizenship of those parties.  (*See generally* Dkt. 1.)  Plaintiffs also emphasize that they seek a TRO directing the Orange County Sheriff's Office to "cease and desist acting."  (Dkt. 1 at 5.)  Given that the citizenship of the named Defendants is not sufficiently explained, and the heart of the dispute concerns the Orange County Sheriff's Office, the court finds that Plaintiffs have not adequately established diversity jurisdiction based on the state of the record.  *See Caterpillar*, 519 U.S. at 68 ("28 U.S.C. § 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00027-FWS-JDE                                              Date: January 9, 2023
Title: Rickey M. Gilliam et al. v. HSBC Bank USA National Association et al.

Based on the state of the record, as applied to the applicable law, the court finds that Plaintiffs have not adequately alleged facts supporting subject matter jurisdiction. *See Dynegy, Inc.*, 375 F.3d at 838 (holding that "[t]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction).

Accordingly, because the court lacks subject matter jurisdiction over this action, it necessarily lacks jurisdiction to issue a TRO. *See Diaz v. Gaura*, 2016 WL 447446, at *4 (D. Haw. Feb. 3, 2016) ("[B]ecause the court lacks subject matter jurisdiction over this action, it necessarily is powerless to grant the Second Motion for TRO—at minimum, there is no likelihood of success."); *Ho"okano v. Capitol One Auto Fin., Inc.*, 2009 WL 4510123, at *1 (E.D. Cal. Nov. 25, 2009) (denying motion for TRO where court lacked subject matter jurisdiction over the action); *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1490-91 (9th Cir. 1990) (upholding denial of injunction based on lack of subject matter jurisdiction). Moreover, the record does not sufficiently reflect that Plaintiffs served the TRO on Defendants or "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Accordingly, even if the court had subject matter jurisdiction, the court finds that Plaintiffs have not met the requirements for granting a TRO without notice. *See* Fed. R. Civ. P. 65(b)(1).

For the reasons set forth above, the court **REMANDS** the action and **DENIES AS MOOT** Plaintiffs' Request for TRO.

**IT IS SO ORDERED.**